## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **NEW COLUMBIA DISTILLERS LLC** | ) | |
| 1832 Fenwick Street, N.E. | ) | |
| Washington, DC 20002 | ) | |
| Plaintiff, | ) | Civil Action No. 1:13-cv-69 |
| v. | ) | |
| | ) | |
| **GREEN FARMS II, LLC** | ) | |
| 208 Dupont Street | ) | |
| Brooklyn, New York 11222 | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, New Columbia Distillers LLC d/b/a Green Hat ("NCD"), by counsel, brings this action against Defendant, Green Farms II, LLC ("GFII"), for a judgment declaring that NCD's trademark, GREEN HAT, does not infringe GFII's trademark, GREENHOOK GINSMITHS, and for other relief.  For its Complaint against GFII, NCD alleges as follows:

## NATURE OF THE ACTION

1.      The claims asserted in this Complaint arise under the Lanham Act of the United States, 15 U.S.C. § 1125, *et seq.*, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and are brought for a declaration by this Court that: (a) NCD has not infringed and is not infringing GFII's trademark GREENHOOK GINSMITHS because NCD has superior rights; and/or (b) NCD has not infringed and is not infringing GFII's trademark GREENHOOK GINSMITHS because the marks are not confusingly similar.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.  An actual and justifiable controversy exists between NCD and GFII as to which NCD requires an immediate and definitive declaration of its rights by this Court and other relief.

3.     This Court has personal jurisdiction over GFII because GFII conducts regular and continuous business transactions in the District of Columbia, namely, by selling its product bearing GFII's trademark to bars, restaurants and liquor stores in the District of Columbia. Further, GFII's actions giving rise to this Complaint were purposefully directed towards NCD and intended to restrict NCD's activities in the District of Columbia or otherwise harm NCD which is incorporated and has its principal place of business in the District of Columbia.  NCD could reasonably foresee being sued by GFII in the District of Columbia for claims arising from its actions.  The exercise of jurisdiction over GFII would not offend traditional notions of fair play and substantial justice.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

5.     New Columbia Distillers LLC is a limited liability company organized and existing under the laws of the District of Columbia, having its principal place of business at 1832 Fenwick Street, NE, Washington, DC 20002.

6.     Upon information and belief, Green Farms II, LLC is a limited liability company organized and existing under the laws of the State of New York, having its principal place of business at 208 Dupont Street, Brooklyn, New York 11222.

## FACTUAL BACKGROUND

### NCD Factual Background

7.     NCD is the first micro-distillery in Washington, DC.  Currently, NCD produces and sells one product: Green Hat distilled and blended gin.  A photograph of this product is shown below:



8.      NCD currently sells its product only in the District of Columbia.

9.      NCD owns U.S. Trademark Registration Number 4,251,165 for the mark GREEN

HAT for use in connection with "distilled spirits", filed September 15, 2011 and registered on

November 27, 2012. *See* Exhibit A.

10.     NCD owns the following intent to use U.S. Trademark Applications: (1) Serial

Number 85/302060 for the mark GREEN HAT, filed on April 22, 2011 for use in connection with

"beverages, namely, wine and blended spirits"; (2) Serial Number 85/397493 for the mark MAN

IN THE GREEN HAT, filed on August 14, 2011 for use in connection with "distilled spirits"; and

(3) Serial Number 85/413600 for the mark GREEN HAT GIN, filed on September 1, 2011 for use

in connection with "distilled spirits". *See* Exhibit B.

11.     NCD's selection of the "Green Hat" name is based on historical events in

Washington, DC during prohibition.  These events, NCD's story, and the origin of its "Green

3

Hat" name have been the subject of local news articles. *See, e.g.,* Exhibit C – Washingtonian Magazine (December 2012); Roll Call Newspaper (December 2012); DC Magazine (October 2012); and Washington City Paper (August 8, 2012).  The story of the "Man in the Green Hat" is also detailed on the U.S. Senate website. *See* Exhibit D.

12.    When NCD selected the "Green Hat" name and for months thereafter, NCD was unaware of the existence of GFII because GFII had made no filings with the USPTO, had no website, and was not selling any products.

### *GFII Factual Background*

13.    GFII is a New York-based distillery which produces and sells only gin-based products, including Greenhook Ginsmiths American dry gin.  A photograph of this product is shown below:



14.    GFII sells its product in the District of Columbia.

15.    On information and belief, GFII owns U.S. Trademark Registration Number 4,276,724 for the mark GREENHOOK GINSMITHS for use in connection with "Liquor and

liqueur beverages, namely, gin, vodka, whiskey, rum, brandy, and specialty liquors", filed

September 28, 2011 and claiming use of the mark since "August 2011" (which the USPTO

interprets as August 31, 2011). *See* Exhibit E.

16.    Pursuant to the Federal Alcohol Administration Act, 27 U.S.C. 205(e) and 27

C.F.R. Part 5, a distiller or bottler of spirits may not offer its products for sale until the

Department of the Treasury Alcohol and Tobacco Tax and Trade Bureau ("TTB") has approved

the labels, including any brand or trade names on the label, used on any bottles in which the

spirits are to be offered for sale.  TTB did not approve GFII's labels bearing the mark

GREENHOOK GINSMITHS for lawful use in commerce until January 4, 2012 (TTB ID

11300001000024) and January 13, 2012 (TTB ID 11300001000025). *See* Exhibit F.  Thus, GFII

could not have legally used its mark in commerce in connection with its product until early 2012.

17.    Further, according to GFII's Facebook page, GFII's products were not "officially

on the market" until February 26, 2012. *See* Exhibit G.

### The Parties' Dispute

18.    By letter dated October 10, 2012 from its counsel, GFII asserted that NCD's use of

the mark GREEN HAT by NCD is likely to cause confusion with the GREENHOOK

GINSMITHS trademark, and insisted that NCD cease and desist use of its said mark.  In this

letter, GFII alleged that NCD's use of its mark, GREEN HAT, "gives rise to a likelihood of

confusion amongst relevant consumers in violation of federal law under 15 U.S.C. § 1125, *et*

*seq.*" and that NCD's use of its mark is "an act of unfair competition under both state and federal

law." *See* Exhibit H.

19.    By letter dated October 25, 2012 from its counsel, NCD explained that (i) multiple

trademarks are registered with the USPTO that contain "green" plus another word and are used in

reference to alcoholic beverages; (ii) the USPTO's acceptance of NCD's and GFII's respective trademark applications indicates that the USPTO did not believe a likelihood of confusion exists between the marks; and (iii) NCD filed its intent to use U.S. Trademark Applications before GFII had filed its intent to use U.S. Trademark Application and before GFII lawfully used its GREENHOOK GINSMITHS mark in commerce. *See* Exhibit I.

20.     By letter dated November 9, 2012 from its counsel, GFII responded by furnishing NCD's counsel with a courtesy copy of the Complaint and Demand for Jury Trial that it had filed that same day in the U.S. District Court for the District of New Jersey. *See* Exhibit J.

21.     By letter dated December 14, 2012 from its counsel, NCD provided a copy of its Motion for Rule 11 Sanctions to GFII's counsel.   NCD's Motion for Rule 11 Sanctions sets forth facts establishing that NCD has superior rights in its mark and that NCD had never sold its product in New Jersey.   NCD's Motion further states that these facts were publicly and readily available had GFII or its counsel performed even a perfunctory investigation prior to filing GFII's Complaint. *See* Exhibit K (without accompanying exhibits).

22.     By telephone conversation on January 4, 2013, GFII's counsel acknowledged that the U.S. District Court for the District of New Jersey may not have personal jurisdiction over NCD.  GFII's counsel further stated that GFII may dismiss the New Jersey lawsuit and then file a new complaint against NCD in New York.  NCD has not yet been served in the New Jersey lawsuit.

23.     The actions described herein have created an objectively reasonable apprehension that GFII will continue to assert unfounded claims of trademark infringement against NCD in the future.

### *USPTO Determination*

24.     The U.S. Patent and Trademark Office ("USPTO") has already made a

determination that NCD's GREEN HAT mark and GFII's GREENHOOK GINSMITHS mark can

coexist on the registry because they are not confusingly similar.

25.     GFII's GREENHOOK GINSMITHS trademark application, filed after NCD's

trademark applications, was approved by the USPTO and was not refused on the grounds that it

could be confusingly similar to NCD's GREEN HAT applications.

26.     In addition to the GREEN HAT and GREENHOOK GINSMITHS trademark

registrations, a variety of other GREEN_____ trademarks peacefully co-exist on the

registry for use in connection with alcoholic drinks, which suggests that customers will look to

the missing element to distinguish the source of the goods and to avoid confusion.

27.     A small sample of the GREEN_____ marks on the registry for use in

connection with alcoholic drinks include: GREEN DEVIL (Registration Number 3,234,584),

GREEN RIVER & Design (Registration Number 3,313,656), GREEN MOON & Design

(Registration Number 3,320,912), GREEN RABBIT (Registration Number 3,566,775), GREEN

FAIRY & Design (Registration Number 3,595,095), GREEN MARK (Registration Number

3,744,765), GREEN FINGERS (Registration Number 3,827,237), GREEN SPOT (Registration

Number 3,850,093), GREEN LABEL (Registration Number 3,051,532), GREEN BEAST

(Registration Number 4,121,916), and GREEN ROOT (Registration Number 4,200,436).

28.     GREEN_____ trademarks are prevalent both in the marketplace and on the

registry, and the USPTO has already decided GREENHOOK GINSMITHS and GREEN HAT are

not confusingly similar.

## COUNT I

*Declaratory Judgment of NCD's Non-Infringement of GFII's GREENHOOK Mark by Reason of NCD's Superior Rights in NCD's GREEN HAT Mark*

29.    The preceding paragraphs of the Complaint are incorporated by reference as if fully set forth herein.

30.    GFII has alleged that its rights in its GREENHOOK GINSMITHS mark are superior to NCD's rights in its GREEN HAT mark and asserts that NCD's use of its mark constitutes trademark infringement.  However, NCD's rights in its trademark are superior because its applications were all filed earlier than GFII's trademark application, and NCD's applications were all filed before any date of first use in commerce upon which GFII can rely.

31.    An actual controversy exists as to the infringement of GFII's trademarks and GFII's actions have placed NCD in objectively reasonable apprehension of suit.

32.    Unless declaratory judgment in NCD's favor is entered, GFII will continue to assert groundless charges of infringement and/or will bring suit or otherwise seek to enforce its asserted trademark rights against NCD and those in privity with NCD, including NCD's customers and prospective customers.

33.    Accordingly, NCD requests that this Court declare that NCD has superior rights in its mark GREEN HAT and thus that NCD does not and has not infringed GFII's mark.

## COUNT II

*Declaratory Judgment of NCD's Non-Infringement of GFII's GREENHOOK Mark by Reason that NCD's GREEN HAT Mark is Not Likely to Cause Confusion*

34.    All preceding paragraphs of the Complaint are incorporated by reference as if fully set forth herein.

8

35.     GFII has alleged that NCD's GREEN HAT mark is likely to cause confusion with GFII's GREENHOOK GINSMITHS mark, and asserts that this constitutes trademark infringement.  However, NCD does not infringe GFII's trademark GREENHOOK GINSMITHS because the marks are not confusingly similar and there is no likelihood of confusion.

36.     An actual controversy exists as to the infringement of GFII's trademark and GFII's actions have placed NCD in objectively reasonable apprehension of suit.

37.     Unless declaratory judgment in NCD's favor is entered, GFII will continue to assert groundless charges of infringement and/or will bring suit or otherwise seek to enforce its asserted trademark rights against NCD and those in privity with NCD, including NCD's customers and prospective customers.

38.     Accordingly, NCD requests that this Court declare that the marks GREEN HAT and GREENHOOK GINSMITHS are not confusingly similar and thus that NCD does not and has not infringed GFII's mark.

**REQUESTED RELIEF**

Wherefore, Plaintiff New Columbia Distillers LLC d/b/a Green Hat requests the following relief:

A.     that this Court declare that NCD has superior rights in its mark GREEN HAT;

B.     that this Court declare that the marks GREEN HAT and GREENHOOK GINSMITHS are not confusingly similar;

C.     that this Court declare that NCD does not and has not infringed GFII's mark;

D.     that this Court enjoin GFII from asserting that it has rights in its trademark to the exclusion of NCD, its representatives, agents, customers, and/or contractors, present and prospective; and

E.      that this Court grant such further relief as it deems just and proper.


                        Respectfully submitted,

                        Damon W.D. Wright (D.C. Bar No. 461461)
                        dwdwright@venable.com
                        VENABLE, LLP
                        575 7th Street, NW
                        Washington, DC 20004
                        Telephone:  (202) 344-4000
                        Facsimile:   (202) 344-8300

                        *Counsel for Plaintiff New Columbia Distillers LLC*